# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JORGE BARRIOS-BARRIOS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | |
| ) | No. 05-3212–CM |
| ) | No. 03-20153-01-CM |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

## MEMORANDUM AND ORDER

On October 16, 2003, the government indicted Jorge Rolando Barrios-Barrios in the United States District Court for the District of Kansas on a single Count of unlawful reentry by a previously deported alien in violation of 8 U.S.C. §§ 1326(a) and (b)(2) with reference to 6 U.S.C. §§ 202(3), 202(4), and 557.

On December 8, 2003, petitioner entered into a plea agreement with the United States and pleaded guilty to the Count charged. The plea agreement included a statement that petitioner "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence," including his right to file a motion under 28 U.S.C. § 2255. The court sentenced petitioner to seventy-seven months imprisonment on March 9, 2004 and entered judgment on March 10, 2004. On May 9, 2005, petitioner filed a *pro se* petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Doc. 20).[1] Petitioner claims that (1) his sentence is unconstitutional due to the

---

[1] The court notes that petitioner filed his petition after the one-year filing deadline had expired, but his petition includes evidence that, due to a prison transfer, he was unable to access his property and

(continued...)

Supreme Court rulings in *Blakely v. Washington,* 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005); (2) his counsel was ineffective subsequent to his plea agreement and misled him due to petitioner's lack of English proficiency; and (3) counsel was ineffective in failing to object to a sixteen-level enhancement that petitioner received for being a previously deported felon.

**I.     Plea Agreement**

The government asks the court to enforce the plea agreement based on petitioner's waiver of his right to collaterally attack any matter in connection with his prosecution, convication, and sentence.  A defendant and the government are bound by the terms of a lawful plea agreement.  *See*, *e.g*. *United States v. Arevalo-Jiminez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998).   A knowing and voluntary waiver of § 2255 rights is generally enforceable.  *United States v. Cockerham,* 237 F.3d 1179, 1181 (10th Cir. 2001).  The court considers three factors to determine the enforceability of such a waiver: (1) whether the disputed issue is within the scope of the waiver; (2) whether the waiver is both knowing and voluntary; and (3) whether enforcing the waiver would constitute a miscarriage of justice.  *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

*A.     Scope of the Waiver*

In determining whether a disputed issue is within the scope of the waiver, courts look to the plain language of the plea agreement.  *United States v. Anderson*, 374 F.3d 955, 957-58 (10th Cir. 2004).  The relevant provision in petitioner's plea agreement states:

---

[1] (...continued)
documents for more than thirty days after his sentencing.  Since the government does not address the statute of limitations issue, the court does not find it necessary to make any finding on the issue.

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [excepted as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] and a motion brought under Title 18, U.S.C. § 3582(c)(2). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.

The court construes the plea agreement based on contract principles and the meaning reasonably understood by the defendant at the time of his plea. *United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003) (internal citation omitted). The court strictly construes waivers of rights to appeal and collateral attack, and resolves ambiguities against the government. *Anderson*, 374 F.3d at 957-58.

Petitioner argues that the first issue raised in his motion falls outside the scope of the waiver because the court used the Federal Sentencing Guidelines to determine his sentence. According to petitioner, his sentence is unconstitutional because the Supreme Court ruled in *Booker* that the guidelines are unconstitutional (in part). *See Booker*, 543 U.S. at 227. He also insists that the decision in *Blakely* applies to his case. *See Blakely*, 524 U.S. at 313.

Neither *Booker* nor *Blakely* applies to petitioner's case. Petitioner's judgment became final before the Supreme Court issued either *Blakely* and *Booker* – the Court issued *Blakely* on June 24, 2004 and *Booker* on January 12, 2005. Because neither *Blakely* nor *Booker* applies retroactively, *United States v. Bellamy*, 411 F.3d 1182, 1187 (10th Cir. 2005), petitioner is not entitled to relief.

Petitioner also argues that his counsel was ineffective subsequent to entering the plea agreement due to petitioner's limited English proficiency. He claims that after entering the plea agreement, counsel told

-3-

petitioner he was not actually waiving his right to appeal,[2] and underestimated the sentence that petitioner would receive based on his waiver of appellate rights.  He further argues that counsel was ineffective in not objecting to the sixteen-level guideline increase he received at sentencing for being a previously deported convicted felon.

As discussed above, petitioner's plea agreement included an express waiver of the right to collaterally attack his sentence.  The court will enforce such a waiver unless the collateral attack "challenges counsel's representation in negotiating or entering the plea or waiver."  *Cockerham*, 237 F.3d at 1187.  Petitioner does not claim that his counsel was ineffective in negotiating the plea.  In fact, his brief and supporting affidavit specifically refer to the issues in question as occurring "[s]ubsequent to entering his plea. . ." (Doc. 21).  Because petitioner's claims regarding ineffective assistance do not relate to the negotiation of the plea agreement or the waiver itself, the court finds that they are within the scope of the waiver and that petitioner is not entitled to relief.

## B.     *Knowing and Voluntary*

Petitioner does not contest that his waiver was knowing and voluntary, but the court will address the issue out of an abundance of caution.  In determining whether a petitioner's waiver was knowing and voluntary, the court looks to the specific language of the plea agreement and the court's Rule 11 colloquy with petitioner.  *Hahn*, 359 F.3d at 1325.  Petitioner's plea agreement expressly states that "[d]efendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence."  The court has also reviewed the transcript of the change of plea

---

[2] Notably, petitioner makes this claim only in his brief.  He does not support it by affidavit, although he did execute affidavits in support of his other claims.  An unverified brief, even submitted by a *pro se* plaintiff, will not substitute for admissible evidence.  *See Kansas City Cable Partners ex rel. Time Warner Entm't Co. v. Espy*, 250 F. Supp. 2d 1296, 1299-1300 (D. Kan. 2003).

-4-

hearing, and finds that during the hearing, defendant confirmed that he understood the terms of the plea agreement and that he was pleading guilty freely and voluntarily and of his own will. Furthermore, the record reflects that a Spanish-speaking interpreter accompanied petitioner during his change of plea hearing and all of his other court appearances. The court finds no basis in the record for concluding that defendant's plea was not knowing and voluntary.

*C.     Miscarriage of Justice*

Enforcing a waiver of appellate rights results in a miscarriage of justice if (1) the court considered an impermissible factor such as race; (2) the defendant received ineffective assistance of counsel with respect to negotiation of the plea agreement; (3) the sentence exceeds the statutory maximum; or (4) the sentence is otherwise unlawful, and is the result of error that seriously threatens the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 1327.

The court finds that enforcing petitioner's waiver of appellate rights does not constitute a miscarriage of justice. The court did not consider any impermissible factors in determining petitioner's sentence, and petitioner does not assert ineffective assistance of counsel in regard to the plea agreement. In addition, petitioner was aided by interpreters throughout the negotiation of the plea and during each of his court appearances. The sixteen-level increase petitioner received for being a previously deported felon is set forth under the Federal Sentencing Guidelines and does not constitute an upward departure or illegal sentence. *See U.S. Sentencing Guidelines Manual* § 2L1.2 (b)(1)(A) (2004). Petitioner has offered no other reason why enforcement of the waiver would result in a miscarriage of justice, and the court finds none.

**II.     Conclusion**

-6-

The files and records conclusively show that petitioner is not entitled to relief. Accordingly, no evidentiary hearing is required. *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (holding that no hearing is required where factual matters raised by a § 2255 petition may be resolved on the record).

**IT IS THEREFORE ORDERED** that petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Doc. 20) is denied.

Dated this 26th day of July 2006, at Kansas City, Kansas.

     **s/ Carlos Murguia**
     **CARLOS MURGUIA**
     **United States District Judge**